[No. 23243. Department Two. February 9, 1932.]

INGA DEGRUGILLIER, *Appellant*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*John S. Lynch,* for appellant.

*The Attorney General, Harry Ellsworth Foster, Assistant,* and *Granville Egan,* for respondent.

HOLCOMB, J.—This is an appeal from a judgment of the superior court affirming the department of labor and industries in rejecting the claim of appellant for a pension on account of the death of her husband, who died, either as the result of an accident, or from natural causes, while working for the Puget Timber Company in Mason county. The claim was rejected by the department of labor and industries on the ground that death was not the result of an accident sustained while in the course of employment.

The deceased was employed by the timber company to fall and peel piling on their logging works near Allyn in Mason county. On October 17, 1929, he was found dead with his body lying partially upon the

[1]Reported in 7 P. (2d) 616.

beach and partially in a boat along the shore of a bay near his residence. The cause of his death is not very clear from the testimony, but it appears he was subject to epilepsy, and that he had gone out at night in the boat, probably for the purpose of retrieving a log which had gotten loose, a day or so before, from a boom belonging to the timber company, but which work was not part of the duty of decedent in the course of his employment.

As stated by the trial judge:

"It is not contended in this case that deceased was in the course of his employment at the time of his death, but the claim is prosecuted on the theory that he was at the time of his death engaged in salvaging logs which had escaped from a boom belonging to his employer; that his act was entirely voluntary in so far as his employer was concerned, but that, inasmuch as it was in the interests of his employer in protection and conservation of his property, he is entitled to recover.

" . . . This is not such an emergency as is shown by the cases where one is injured or killed in attending a fire for the protection of the employer's property or other similar cases, and in my judgment the claim cannot be allowed, and the order of the department refusing the same must be affirmed."

There can be no question but that the trial judge was right in saying that decedent at the time of his injury was a mere volunteer. Nor was there any such emergency as would bring the case within the rule of cases cited by appellant. The log which he was supposed to have been recapturing, if he was so trying, had been floating in the water for a day or so, and undoubtedly would have floated another day or two.

Our statute, Laws of 1929, chap. 132, § 1, p. 326,

after defining "employer," defines "workman" as follows:

"Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment."

While there might, conceivably, be a case under this statute, which is plain and explicit, which would constitute an emergency so closely connected with the employment of the working man as to be considered in the course of his employment, that is not this case. By no stretch of construction or implementing of our statute, can this case be brought within its terms. *Hama Hama Logging Co. v. Department of Labor and Industries,* 157 Wash. 96, 288 Pac. 655; *Haaga v. Saginaw Logging Co.,* 165 Wash. 367, 5 P. (2d) 505.

The judgment must be, and is, affirmed.

TOLMAN, C. J., BEALS, MAIN, and MILLARD, JJ., concur.